IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRETT BERGERON**                                                                                      **PLAINTIFF**

v.                                                                                       CAUSE NO. 1:20-cv-375-LG-JCG

**INTERNATIONAL UNION OF
ELEVATOR CONSTRUCTORS                                              DEFENDANTS
LOCAL 16, DIVERSIFIED ELEVATOR
SERVICE & EQUIPMENT COMPANY,
INC., AND INTERNATIONAL UNION
ELEVATOR CONSTRUCTORS
LOCAL 16 JOINT APPRENTICESHIP
COMMITTEE**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the [18] Motion to Dismiss or for Summary Judgment filed by Defendant, International Union of Elevator Constructors Local 16 ("the Union" or "Defendant"). Plaintiff filed a [25] Response, to which Defendant [33] replied. After due consideration of the parties' submissions, the record in this matter, and the applicable law, the Court finds that the Motion should be granted.

### BACKGROUND

In this ADA lawsuit, Plaintiff alleges that, in 2019, he began a four-year apprenticeship as an Elevator Mechanic Helper with "the Union and/or the JAC." (1st Am. Compl., ¶¶ 16-19, ECF No. 14). Plaintiff names both the Union and the separate Joint Apprenticeship Committee (JAC) as defendants in this lawsuit (*Id.* ¶¶ 3-3(a)), and most of his allegations are directed towards both entities.

Plaintiff was missing the middle three fingers of his left hand. This was

apparent at the time of hiring. (*Id.* ¶¶ 19-22). Plaintiff completed two jobs as an apprentice until their conclusion in December 2019. (*Id.* ¶¶ 26-29). In January 2020, Plaintiff was hired by Diversified Elevator Service & Equipment, Inc. ("Diversified") through the Union and/or the JAC to perform work in Biloxi, Mississippi. (*Id.* ¶¶ 10, 30). Plaintiff alleges that his Diversified supervisor terminated him, citing his hand disability, after one week without first engaging in an interactive process of accommodation. (*Id.* ¶¶ 33-37). Plaintiff claims that "the Union and/or the JAC" then arranged a meeting with him, at which he explained his "safe and efficient work history with prior employers," despite Diversified's "unwarranted concerns about his hand." (*Id.* ¶¶ 40-46). However, Plaintiff allegedly found himself terminated by "the Union and/or JAC" without engaging the interactive process to accommodate his disability. (*Id.* ¶ 47).

In March 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), which eventually issued a "Right to Sue" letter for both the Union and Diversified. (*Id.* ¶¶ 10-15). Plaintiff sued the Union and Diversified on December 21, 2020, alleging that their conduct amounted to disability discrimination and harassment in violation of the ADA and ADAAA. (*Id.* ¶¶ 49-57). He seeks back pay, benefits, bonuses, front pay, and compensatory and punitive damages. (*Id.*).

On April 14, 2021, the Union filed a Rule 12(b)(6) Motion to Dismiss, or in the Alternative a Rule 56 Motion for Summary Judgment. (*See* Mot. Dismiss or for Summ. J., ECF No. 18). In the [18] Motion, the Union argues, *inter alia*, that it is

not the proper party defendant to this lawsuit and that Plaintiff has failed to state a claim upon which relief can be granted. (*Id.*) Plaintiff [25] responded, and the Union [33] has replied.

## DISCUSSION

I. **Motion for Summary Judgment Standard**

The Union's Motion requests dismissal or, alternatively, an entry of summary judgment under Rule 56. However, because the Union relies on matters outside the pleadings, the Court finds that it should properly characterize the Motion as a Motion for Summary Judgment.[1]

Under Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R*

---

[1] Where defendants "submit[] matters outside the pleadings with their motion to dismiss or in the alternative for summary judgment, the district court properly characterize[s] that motion as a motion for summary judgment." *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991).

*Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate."  *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249).  In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party.  *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

## II.   The Union's Motion to Dismiss or for Summary Judgment

"In the context of employment discrimination, a plaintiff lacks standing to state a viable claim, under . . . the ADA . . ., where the plaintiff is not in an employment relationship with, or an applicant for employment with, the defendant."  *Capozzelli v. Allstate Ins. Co.*, No. 2:13CV260-JRG, 2014 WL 786426, at *2 (E.D. Tex. Feb. 25, 2014) (citing *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 135 (5th Cir. 2004)).  The determination of whether a given entity is Plaintiff's employer under the ADA is governed by "the 'hybrid economic realities/common law control test.'"  *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015) (quoting *Deal v. State Farm Cty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118-19 (5th Cir. 1993)).  The Fifth Circuit has instructed:

> The right to control an employee's conduct is the most important component of this test, and we consider whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule.  The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided

> benefits, and set the terms and conditions of employment. The
> economic realities component of our test has focused on whether the
> alleged employer paid the employee's salary, withheld taxes, provided
> benefits, and set the terms and conditions of employment.

*Burton*, 798 F.3d at 227 (quoting *Deal*, 5 F.3d at 118-19) (internal quotation marks and citations omitted); *see also Bloom v. Bexar Cty., Tex.*, 130 F.3d 722, 725-26 (5th Cir. 1997).

The Union has provided uncontested documentary evidence that Plaintiff was at no time, employed by the Union, terminated by the Union, or subject to the employment decisions of the Union. Rather, Plaintiff was hired as an apprentice by the Joint Apprenticeship Committee ("JAC"), a body of the National Elevator Industry Educational Program ("NEIEP"), which is responsible for administering the relevant apprenticeship program and has been named as a separate defendant in the First Amended Complaint.[2]

In support of the Motion the Union cites *Bass v. Int'l Broth. of Boilermakers*, 630 F.3d 1058 (5th Cir. 1980). In *Bass* the Fifth Circuit held that the South-Central Area Apprenticeship Committee (SCAAC), which administered a regional boilermaker apprenticeship program was a separate and distinct entity from the

---

[2] Specifically, the Union has provided a "New-Hire Registration Form" showing that Plaintiff was hired by the "National Elevator Industry Educational Program" (NEIEP) as an elevator constructor apprentice. (*See* New-Hire Registration Form, ECF No. 8-1). The Union also provides a letter from the JAC which advises Plaintiff that he "must appear before the JAC for a hearing" regarding his termination, (*See* Letter, ECF No. 8-3), as well as the "JAC Committee Special Meeting Minutes" which summarize the hearing. (*See* JAC Committee Special Meeting Minutes, March 4, 2020, ECF No. 8-4). Finally, the Union also provides an affidavit of Richard Sorensen, the Union's business manager, which states that the JAC recruits and interviews applicants to the program and sends a "new hire list" to the Union to be referred to employers. (Aff. Richard Sorensen, ¶ 3, ECF No. 8-2).

union.³  In response, Plaintiff argues that *Bass* concerns the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA) and is not relevant to the Union's status under the ADA.  (*See* Pl.'s Mem. Opp. Def.'s Mot. Dismiss Alt. Mot. Summ. J., 2, ECF No. 26).

However, Plaintiff must show the existence of an employer/employee relationship with the Union, and Plaintiff offers no summary judgment evidence that the Union was involved in the employment relationship between this Plaintiff and JAC.  Rather, Plaintiff merely cites Mr. Sorensen's statement that Plaintiff "called the Union and spoke to [Sorensen] about losing his job with Diversified for performance reasons."  (Aff. Richard Sorensen, ¶ 8, ECF No. 8-2).  According to Plaintiff, as a result of Mr. Sorensen's telephone call and investigation, the Union "share[s] liability for the discriminatory termination of [Plaintiff] from the Union and/or JAC."  (Pl.'s Mem. Opp. Def.'s Mot. Dismiss Alt. Mot. Summ. J., 3, ECF No. 26).  Although Sorensen may have investigated Diversified's concerns about Plaintiff and was present at the employment hearing, he "do[es] not have a say or vote in the JAC," and he "do[es] not serve on the Board because [he] represent[s] the members of the Union."  (Aff. Richard Sorensen, ¶ 13, ECF No. 8-2).  This is insufficient to create a material fact question.  Plaintiff has failed to show that the

---

³ SCAAC is not a union.  It has no members.  It represents no one in collective bargaining.  It does not deal with employers concerning conditions of employment on behalf of any employees.  It has a legal identity separate from any union.  As we have already pointed out, it is administered by a managing committee appointed in equal numbers by management and labor.
*Id.* at 1060, 1066.

Union exerted control over any of JAC's employment decisions, much less, JAC's decision to terminate.

The Court concludes that Plaintiff has failed present evidence from which a finder of fact could conclude that Union was Plaintiff's employer. *See Torrey v. Northrup Grumman Corp.*, No. 1:06CV576, 2007 WL 1062940, at *1 (S.D. Miss. Apr. 6, 2007) (dismissing employment discrimination claims as to a party which was misnamed in the plaintiff's complaint as his employer). Union is therefore entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [18] Motion to Dismiss or for Summary Judgment filed by Defendant International Union of Elevator Constructors, Local 16 is **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 12th day of May, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE